## Luke O'Reilly et al.

### v.

## Daniel Lyons et al.

*Practice—Dismissal of Suit as to One Party after Filing of Set-off.*

1. Jurisdiction of the person of a defendant is not necessary in order to allow a *nol. pros.* of a suit against him.

2. Upon the case presented, leave was properly given plaintiffs to dismiss their suit as to one of the defendants, although he had filed a set-off.

[Opinion filed April 11, 1892.]

Appeal from the Circuit Court of Vermilion County; the Hon. J. F. Hughes, Judge, presiding.

Mr. L. O'Reilly, for appellants.

No appearance for appellees.

*Per Curiam.* Appellees failed to file a brief in this case. We have nevertheless looked into the record from which it appears to have been brought by them before a justice of the peace, against appellants, who are husband and wife, jointly with their son and daughter, both single and adult, residing with them, on an account for groceries and other goods purchased for use in the family. In the Circuit Court on appeal, at the first term, it was dismissed by plaintiffs, on leave of the court, as to the son and daughter, and judgment was rendered on a verdict for $15 against these appellants. The transcript includes two bills of exceptions; of which the first shows only the allowance of the dismissal as to John W. O'Reilly, and the second only the overruling of the motion for a new trial. Because John W. O'Reilly neither joined in the appeal, nor was summoned pursuant to Sec. 70, Chap. 79 of the R. S., nor in any way appeared as a

defendant, it is gravely argued on principle, for want of jurisdiction of his person, and from the statute referred to, that it was error to allow the dismissal as to him. If it was, it is not very clearly shown by this record how it could have hurt these appellants. But we have never understood that jurisdiction of the person of a defendant was necessary in order to allow a *nol. pros.* of the suit against him. Even in a criminal case, where the defendant stands on all his rights, we have never heard of one's complaining of such action, on the ground that he was neither in jail nor out on bail. It is true that one must get hold before he can let go. A *nol. pros.*, however, dismisses, not the defendant of whom the court may not have jurisdiction, but the suit or proceeding of which it has. The section of the statute referred to provides that " when an appeal shall be taken by one of several parties from the judgment of a justice of the peace, the clerk of the court shall issue a summons against the other parties, notifying them of the appeal in said court and requiring them to appear and abide by and perform the judgment of the court in the premises; which summons shall be served as other process issued in appeal cases; and in case such summons shall be returned that parties are not found, the cause shall, at the first term of the court, be continued. * * * It is quite obvious that this provision was intended to apply only where the appellee is seeking judgment against the parties who have not joined in the appeal, and is not at all inconsistent with Sec. 39 of the same chapter, which declares that " the plaintiff may, at any time before final judgment, at his own costs, dismiss as to any one or more defendants." For a further reason why this dismissal should not have been allowed, it is said that John W. O'Reilly had filed in the justice's court, by way of set-off, a claim for professional services rendered by him individually for one of the plaintiffs; and that therefore it was forbidden by Sec. 31 of the Practice Act. That act applies to suits commenced in the Circuit Court, and Sec. 31 provides that " where a plea or notice of set-off shall have been interposed, the plaintiff shall not be permitted to dis-

O'Reilly v. Lyons.

miss his suit without the consent of the defendant, or leave of the court." In this case such leave was given, and very properly as it would seem, since the claim on its face was not a legal set-off against that of plaintiffs. If there was any evidence tending to remove the apparent objection for want of mutuality, the record does not show it. The motion for a new trial was based on an affidavit of John W. O'Reilly, setting forth as facts what he must have known before the trial and should have testified to if he did not, and also upon the usual allegations that the court erred in its rulings on the admission of evidence and in the matter of instructions; and that the verdict was unwarranted. But what the evidence was, or what the rulings of the court, further than as above stated, we are not informed. They are not contained in any bill of exceptions.

There is improperly incorporated into the record what purports to be a copy of a transcript of the notes of the official reporter certified by him, interspersed with what appear to be observations, in parenthesis, of Luke O'Reilly as a party, witness and attorney, charging appellees and their witnesses with perjury and the judge in terms with incompetence or bias. And the paper filed as an argument is no better and but little more than repetition of these charges, which is in flagrant violation of the rules of this court and of propriety. We therefore think it due to the other attorney, whose name appears appended to it, to disclaim all suspicion that he authorized it, with any knowledge of the substance or style of that paper.

The copy of the reporter's notes should be stricken from the record, and the argument from the files, and the judgment will be affirmed.

*Judgment affirmed.*